**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANIEL WESLING,** | : |
| **Plaintiff** | : **CIVIL ACTION NO. 3:18-cv-2405** |
| **v.** | : **(JUDGE MANNION)** |
| **WARDEN ERIC TICE, et al.,** | : |
| **Defendants** | : |

# O R D E R

Pending before the court is the report of Magistrate Judge Karoline Mehalchick which recommends that the plaintiff's *pro se* habeas corpus action under 28 U.S.C. §2254 be denied and dismissed with prejudice. (Doc. 22). The plaintiff has failed to file objections to Judge Mehalchick's report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. '636(b)(1); Local Rule 72.31.

In reviewing the plaintiff's petition, Judge Mehalchick determined that the petition alleges four grounds for relief: (1) the evidence does not support Wesling's conviction; (2) Wesling's pre-trial counsel was ineffective in failing to file any pre-trial motions and for failing to communicate with Wesling's subsequently appointed counsel; (3) the trial court violated Wesling's Sixth Amendment rights in denying him the opportunity to file a motion for a bill of particulars; and (4) the trial court violated his Sixth Amendment rights by permitting his alleged deficient indictment to proceed to trial.

After reviewing the state court's rejection of Wesling's sufficiency of the evidence claims Judge Mehalchick determined that the state court's decision was a reasonable determination in light of the evidence presented. Next, Judge Mehalchick determined that Wesling failed to demonstrate under *Strickland* how Attorney's Spishock's assistance of counsel fell below an objectively reasonable standard.[1] Judge Mehalchick then addressed Wesling's third argument regarding the trial court's abuse of discretion. Judge Mehalchick found that the trial court's abuse of discretion claim is both procedurally defaulted due to Wesling's failure to identify justifiable cause to

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984)

excuse his default and fails on the merits because the state court's decision did not unreasonably apply federal law nor did the state court unreasonably apply the facts in light of the evidence presented. Lastly, Judge Mehalchick addressed Wesling's final claim that the indictment was constitutionally deficient. Judge Mehalchick determined that Wesling failed to raise the issue in state court and did not show that default should be excused. Additionally, Judge Mehalchick determined Wesling's claim failed on the merits because the original indictment clearly gave Wesling notice of the specific charges the Commonwealth intended to proceed on and the timeframe the alleged offenses took place between.

It is therefore recommended that the plaintiff's petition be denied and dismissed with prejudice.

As stated previously, the plaintiff has not objected to any part of Judge Mehalchick's report and recommendation. Upon review, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Mehalchick to her conclusions. As such, the court will adopt the report and recommendation as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) The report and recommendation of Judge Mehalchick **(Doc. 31)** is **ADOPTED IN ITS ENTIRETY AS THE DECISION OF THE COURT**.

(2) The plaintiff's amended petition **(Doc. 22)** is **DENIED** and **DISMISSED WITH PREJUDICE**.

(3) The Clerk of Court is directed to **CLOSE THIS CASE**.


*/s Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 20, 2022**
18-2405-01

- 4 -